**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Nads LLC<br><br>   Plaintiff<br><br>  v.<br><br>Patriot Bank, N.A.,<br>First-Citizens Bank & Trust Company<br>d/b/a Silicon Valley Bank,<br>Carmel Solutions LLC,<br>Parker Warehouse III LLC<br><br>   Defendants. | Case No.: 1:26-cv-5069 |



## [PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE

The Court having reviewed the Complaint, Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction, and Related Interpleader Relief, the Declaration of Stephen Ducey, and the papers submitted in support thereof, and good cause appearing therefor, finds on a temporary basis that:

A. Plaintiff has demonstrated a substantial likelihood that this action constitutes a proper interpleader proceeding under 28 U.S.C. § 1335 because multiple adverse claimants assert competing claims to approximately $264,609.98 owed by Plaintiff (the "Amount Payable"), Patriot Bank, N.A. has demanded direct payment of the Amount Payable and contends that payment to another claimant will not satisfy Plaintiff's obligations, and the remaining Defendants have asserted or may assert competing rights to the same receivables arising from Plaintiff's Parker Business Card account.

B.  Plaintiff is a disinterested stakeholder that does not dispute the underlying obligation, has segregated funds sufficient to satisfy the disputed amount, and is prepared to deposit the disputed funds into the registry of the Court;

C.  Absent immediate injunctive relief, Plaintiff faces a substantial risk of multiple liability, inconsistent obligations, competing collection efforts, and the assessment of interest, fees, collection costs, attorneys' fees, and other charges before the competing claims are adjudicated;

D.  Temporary injunctive relief is necessary to preserve the status quo pending a hearing on Plaintiff's request for a preliminary injunction;

E.  The balance of equities favors preserving the disputed obligation pending resolution of the competing claims because Plaintiff is prepared to deposit the disputed funds with the Court and no Defendant will be prejudiced by maintenance of the status quo; and

F.  Good cause exists for issuance of a Temporary Restraining Order pursuant to 28 U.S.C. § 2361.

Based on the aforementioned temporary findings of fact and conclusion of law, it is hereby:

**ORDERED** that pending the hearing and determination of Plaintiff's Motion for Preliminary Injunction, and to preserve the status quo, Defendants, and all persons acting in concert with them, are temporarily restrained from:

(i) declaring Plaintiff in default based upon Plaintiff's failure to remit the Amount Payable to any particular claimant;

(ii) assessing, accruing, demanding, collecting, enforcing, or seeking interest, late fees, penalties, collection costs, attorneys' fees, or similar charges arising from Plaintiff's failure to remit the Amount Payable to any particular claimant; and

(iii) commencing, prosecuting, pursuing, maintaining, threatening, or continuing any collection action, collection demand, enforcement proceeding, or other claim against Plaintiff relating to the Amount Payable;

**ORDERED** that this Temporary Restraining Order shall take effect immediately and shall remain in effect until the hearing and determination of Plaintiff's motion for preliminary injunction or further order of the Court;

**ORDERED** that Defendants Patriot Bank, N.A., First-Citizens Bank & Trust Company d/b/a Silicon Valley Bank, Carmel Solutions LLC, and Parker Warehouse III LLC appear before this Court, Courtroom 14-B United States Courthouse, 500 Pearl Street, New York, New York, on the 30th day of June, 2026, at 3 p.m., or as soon thereafter as counsel may be heard, and show cause why an Order should not be entered pursuant to 28 U.S.C. § 2361:

 a) restraining Defendants from declaring a default based upon Plaintiff's failure to remit the Amount Payable to any particular claimant;

 b) restraining Defendants from assessing, accruing, demanding, collecting, enforcing, or seeking interest, late fees, penalties, collection costs, attorneys' fees, or similar charges arising from Plaintiff's failure to pay the Amount Payable to any particular claimant;

 c) restraining Defendants from commencing, prosecuting, pursuing, or maintaining any collection action, enforcement proceeding, or other claim against Plaintiff relating to the Amount Payable pending further order of this Court;

 d) preserving the status quo pending adjudication of the parties' competing claims to the Amount Payable; and

 e) granting such other and further relief as the Court deems just and proper;

and it is further

ORDERED that any opposition papers shall be filed and served on or before

__6/23/__2026; and it is further

ORDERED that any reply papers shall be filed and served on or before _6/26/_,

2026; and it is further

ORDERED that service of a copy of this Order to Show Cause, together with the

Summons, Complaint, Motion for Preliminary Injunction, supporting declarations, memorandum

of law, and all papers upon which this Order is based, by electronic mail upon the email

addresses of counsel of record for the parties in *First-Citizens Bank & Trust Company v. Patriot

Bank, N.A.*, Case No. 26-cv-03810-JSR, as reflected on the Court's CM/ECF docket in that

action, shall constitute good and sufficient service upon Defendants.

SO ORDERED.

DATED: ___6/17___, 2026

_____
Hon. Jed S. Rakoff, U.S.D.J.