UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Nads LLC <br><br>          Plaintiff <br><br>      v. <br><br> Patriot Bank, N.A., <br> First-Citizens Bank & Trust Company <br> d/b/a Silicon Valley Bank, <br> Carmel Solutions LLC, <br> Parker Warehouse III LLC <br><br>         Defendants. | Case No.: 1:26-cv-5069 |

## [PROPOSED] PRELIMINARY INJUNCTION ORDER

Upon consideration of Plaintiff Nads LLC's Motion for Preliminary Injunction, the supporting papers submitted in connection therewith, the record in this action, and all prior proceedings herein, and for good cause shown, the Court makes the following findings of fact and conclusions of law:

A. This action constitutes a proper statutory interpleader proceeding under 28 U.S.C. § 1335. Plaintiff is a disinterested stakeholder that was in possession of a definite and identifiable fund totaling $264,609.98 (the "Disputed Funds"), which exceeds the statutory jurisdictional minimum, and has deposited the Disputed Funds into the registry of this Court pursuant to prior order, which satisfies the deposit requirement of 28 U.S.C. § 1335.

B. Two or more adverse claimants assert competing and mutually exclusive claims to the Disputed Funds, thereby subjecting Plaintiff to a real and immediate risk of multiple

liability absent interpleader relief. Specifically, Defendant Patriot Bank, N.A. has demanded direct payment of the Disputed Funds and has asserted that payment to any other claimant would not satisfy Plaintiff's obligations, while Defendants First-Citizens Bank & Trust Company d/b/a Silicon Valley Bank, Carmel Solutions LLC, and Parker Warehouse III LLC assert competing ownership, servicing, and/or collection rights with respect to the same receivables arising from Plaintiff's Parker Business Card account.

C.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1335 because the amount in controversy exceeds $500 and two or more adverse claimants of diverse citizenship assert competing claims to the Disputed Funds. The Court further has authority to issue injunctive relief pursuant to 28 U.S.C. § 2361.

D.  All Defendants have received adequate notice of this action and of Plaintiff's request for injunctive relief, and each Defendant has been afforded a fair opportunity to appear and assert any claim to the Disputed Funds.

E.  Plaintiff asserts no claim of ownership to the Disputed Funds and is a neutral stakeholder seeking only protection from multiple liability and such stakeholder relief as may be appropriate.

F.  Absent injunctive relief, Plaintiff faces a substantial risk of multiple liability, inconsistent obligations, competing collection efforts, and the assessment of interest, fees, collection costs, attorneys' fees, and other charges before the competing claims are adjudicated.

G.  Injunctive relief is necessary to preserve the status quo and protect the Disputed Funds pending adjudication of the parties' competing claims.

H.  The balance of equities strongly favors preserving the Disputed Funds pending final resolution of the competing claims because Plaintiff has deposited the Disputed Funds

into the registry of this Court, ensuring that the funds remain secure and available for distribution to the ultimately prevailing claimant, while no Defendant will suffer cognizable prejudice from maintenance of the status quo.

I.   Injunctive relief is authorized and appropriate under 28 U.S.C. § 2361 to restrain Defendants from instituting or prosecuting proceedings affecting the disputed funds pending final resolution of this interpleader action.

Based on the aforementioned findings of fact and conclusions of law, it is hereby:

**ORDERED** that this action is properly maintained as a statutory interpleader action under 28 U.S.C. § 1335; and it is further

**ORDERED** that, pending further order of this Court and to preserve the status quo, Defendants, and all persons acting in concert or participation with them who receive actual notice of this Order, are hereby restrained and enjoined from:

i.   declaring Plaintiff in default based upon Plaintiff's failure to remit the Disputed Funds to any particular claimant;

ii.   assessing, accruing, demanding, collecting, enforcing, or seeking interest, late fees, penalties, collection costs, attorneys' fees, or similar charges arising from Plaintiff's failure to remit the Disputed Funds to any particular claimant; and

iii.   commencing, prosecuting, pursuing, maintaining, threatening, or continuing any collection action, collection demand, enforcement proceeding, arbitration, lawsuit, or other claim against Plaintiff relating to the Disputed Funds;

iv.   issuing billing statements, automated payment demands, default notices, or other communications seeking payment of the Disputed Funds or otherwise inconsistent with this Order; and it is further

**ORDERED** that Defendants shall promptly provide notice of this Order to all employees, agents, servicers, contractors, collection vendors, and other persons responsible for servicing, billing, or collection activities relating to Plaintiff and the Disputed Funds; and it is further

**ORDERED** that this Preliminary Injunction shall take effect immediately and shall remain in effect pending further order of the Court; and it is further

**ORDERED** that nothing in this Preliminary Injunction shall adjudicate or determine ownership of the Disputed Funds or otherwise prejudice any claim, defense, priority, lien, offset, or entitlement asserted by any Defendant with respect thereto; and it is further

**ORDERED** that nothing herein shall prejudice Plaintiff's right to seek discharge, attorneys' fees, costs, or other stakeholder relief.

SO ORDERED.

DATED: _____6/26/_____, 2026

_____

Hon. Jed S. Rakoff, U.S.D.J.